UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                         :

M.B.,                                         :

                                :

                      Petitioner,      :              26-CV-2355 (JMF)

                                :

        -v-                       :                <u>ORDER</u>

                                :     (IMMIGRATION CASES)

KENNETH GENALO et al,               :

                                :

                    Respondents.     :

                                :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Petitioner M.B. — who has temporarily been granted leave to proceed using initials —

has filed a Petition for the writ of habeas corpus under 28 U.S.C. § 2241 and seeks emergency

relief enjoining Respondents from re-detaining him at a call-in appointment scheduled for March

26, 2026.  *See* ECF No. 5 ("Pet. Mem."), at 2.   M.B. claims that he faces imminent re-detention

and revocation of his order of supervision ("OSUP") in violation of the Constitution and various

statutes and regulations.  *See id.* at 6-15.  Specifically, he asserts that Respondents "are almost

certain to re-detain M.B. at his call-in appointment on March 26, 2026" given past attempts to

detain him and Respondents' past practices.  Pet. Mem. 1, 16; ECF No. 1-8, Declaration of Isabel

Zuniga ¶¶ 12, 14 ("Zuniga Decl.").[1]

Under 28 U.S.C. § 2241, a federal court may grant the writ of habeas corpus to a non-

citizen who is "*in custody* in violation of the Constitution or laws or treaties of the United

---

[1]     Petitioner cites several cases to support his assertion that detention is likely to follow the call-in.  *See, e.g.*, *Alisherov v. Francis*, No. 26-cv-859 (VSB), 2026 WL 472531, at *1 (S.D.N.Y. Feb. 19, 2026); *Campbell v. Almodovar*, No. 25-cv-9509 (JLR), 2025 WL 3538351, at *4 (S.D.N.Y. Dec. 10, 2025); *Darko v. Sessions*, 342 F. Supp. 3d 429, 431 (S.D.N.Y. 2018); *see also* Pet. Mem. at 16 (collecting cases).

States." *Henderson v. I.N.S.*, 157 F.3d 106, 122 (2d Cir. 1998) (emphasis added) (internal quotation marks omitted) (quoting 28 U.S.C. § 2241); *see also Boumediene v. Bush*, 553 U.S. 723, 771 (2008). This custody requirement is "jurisdictional." *Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) (internal quotation marks omitted); *accord Simmonds v. I.N.S.*, 326 F.3d 351, 354 (2d Cir. 2003). It is unclear whether M.B.'s allegations satisfy this jurisdictional requirement. *Cf., e.g.*, *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2025 WL 2806757, at *3 (S.D.N.Y. Oct. 1, 2025) (finding that ICE's "plan to re-arrest" a habeas petitioner following her discharge from the hospital "evinces the very control that lies at the heart of the custodial requirement" and that "the imminence of her arrest and subsequent detention carries that 'special urgency' justifying the exercise of jurisdiction over her habeas claims" (quoting *Hensley v. Mun. Ct.*, *San Jose Milpitas Jud. Dist*, 411 U.S. 345, 351 (1973))); *Khabazha v. U.S. Immigr. & Customs Enf't,* No. 25-CV-5279 (JMF), 2025 WL 3281514, at *3 (S.D.N.Y. Nov. 25, 2025) ("[T]he 'custody requirement' . . . may be satisfied by restraints other than 'actual, physical custody' incarceration." (internal quotation marks omitted) (quoting *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017)). That said, the Court has a threshold obligation to confirm that it has jurisdiction before considering the merits. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (internal quotation marks omitted (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868))).

To that end, Respondents shall file a brief not to exceed five pages no later than **tomorrow, March 25, 2026 at 2:00 p.m.**, addressing whether the Court has jurisdiction to hear this Petition — **unless Respondents represent that they will not detain M.B. at the scheduled March 26, 2026 appointment**. Respondents shall file a letter **by 6:00 p.m. TODAY, March 24, 2026,** indicating whether they will so represent. If they do so represent, Respondents need

2

not file their brief by tomorrow and the Court will set a new briefing schedule on the jurisdictional issue.  If Respondents file a brief by tomorrow at 2 p.m., Petitioner shall file a response, also not to exceed five pages, no later than **March 25, 2026 at 10:00 p.m.**  No reply may be filed absent leave of Court.

If — but only if — Petitioner is detained, to preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court.  *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-01935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases.").  Moreover, if Petitioner is detained, in light of his interests in participating in further proceedings before this Court, to facilitate resolution of the Petition, and to preserve the Court's jurisdiction to grant the relief that Petitioner is seeking (if the Court concludes that he is entitled to it), Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.  *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a habeas petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205-WJM-STV, 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

All counsel are required to register promptly as filing users on ECF.  **All counsel must familiarize themselves with the Court's Individual Rules, which are available at http://**

3

**nysd.uscourts.gov/judge/Furman.**  Absent leave of Court obtained by letter-motion filed before

the conference, all pretrial conferences must be attended by the attorney who will serve as

principal trial counsel.

SO ORDERED.

Dated: March 24, 2026
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

4