UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :

M.B.,                                                                                                   :

                              Petitioner,           :           26-CV-2355 (JMF)

            -v-                                                           :

                                        :           MEMORANDUM OPINION
KENNETH GENALO et al.,                                      :                    AND ORDER

                           Respondents.        :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Petitioner M.B. has been subject to a final order of removal since 2005. *See* ECF No. 1, at ¶ 2. At or about the same time, he was released on an order of supervision ("OSUP") because Immigration and Customs Enforcement ("ICE") was unable to obtain a travel document for his removal; he has not been detained since. *Id.* ¶ 3. On March 24, 2026, two days before a mandated check-in with ICE, M.B. filed the present Petition challenging his anticipated detention by ICE. *See* ECF No. 1. He was not detained at the time of filing; nor was he detained at the March 26, 2026 check-in. Instead, he was ordered to another check-in with ICE on June 24, 2026. Although M.B. fears that he will be detained at that check-in, *see, e.g.*, ECF No. 16, Respondents represent that, so long as M.B. does not "violate[] the terms and conditions of his" OSUP, "ICE does not intend to detain him until ICE has an imminent means of removal." ECF No. 13-1 ("Dookharan Decl."), ¶ 17; *see also* ECF No. 21 (confirming that ICE's Office of the Principal Legal Advisor has noted this representation in its system, placed a physical copy of the representation in M.B.'s file, and will notify the ICE officer assigned to M.B.'s case).

      Respondents argue that M.B.'s Petition must be dismissed for lack of subject-matter

jurisdiction.  *See* ECF No. 13.  The Court agrees.  Whether the issue is treated as one of standing, ripeness, or mootness, M.B. must be able to show more than a "fear[] of hypothetical future harm that is not certainly impending."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).  He "must present a real, substantial controversy, not a mere hypothetical question."  *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks omitted). M.B. fails to do so.  *See, e.g.*, *Brooks v. Flanagan*, No. 26-CV-674 (JHR), 2026 WL 475343, at *4 (S.D.N.Y. Feb. 19, 2026).  The fact that M.B. is required to check-in on June 24, 2026, does not suggest otherwise given Respondents' unambiguous representation that, so long as M.B. does not "violate[] the terms and conditions of his" OSUP, "ICE does not intend to detain him until ICE has an imminent means of removal."  Dookharan Decl. ¶ 17; *see also* ECF Nos. 19, 21.

In arguing otherwise, Petitioner's counsel asserts that "ICE would have re-detained Mr. B" at his March 24, 2026 check-in "had Respondents not represented to this Court that he would not be detained and if he had not been accompanied by his immigration attorney."  ECF No. 14, at 3; *see also* ECF No. 14-1, ¶¶ 3-4.  But that episode actually cuts against M.B.'s case for jurisdiction, as it is evidence that Respondents will abide by their representation to this Court, reaffirmed again yesterday, that ICE "does not intend to detain Petitioner unless Petitioner violates the terms and conditions of his Order of Supervision or until ICE has an imminent means of removal."  ECF No. 19.  Moreover, while an officer advised Petitioner's counsel that Respondents' representation "was not in Mr. B's file" on March 26, 2026, Respondents have taken steps to ensure that it is now in his file and that the officer who handles M.B.'s check-in on June 24, 2026, "is aware of" the representation.  Thus, M.B. cannot show that his detention is "certainly impending," *Clapper*, 568 U.S. at 416, and the Court lacks subject-matter jurisdiction.

For the reasons stated above, M.B.'s Petition must be and is DISMISSED.  "In the event

that [M.B.] is detained in the future, he will have the opportunity to file a new habeas petition based on the actual circumstances of his future detention." *Gonzalez-Reyes v. Decker*, No. 20-CV-2639 (GHW), 2020 WL 7869549, at *12 (S.D.N.Y. Dec. 31, 2020).

The Clerk of Court is directed to terminate ECF Nos. 3-4, and 16, to enter judgment consistent with this Memorandum Opinion and Order, and to close the case.

SO ORDERED.

Dated: June 23, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

3